STATE OF OREGON, by and through its
DEPARTMENT OF TRANSPORTATION,
PARKS AND RECREATION DIVISION,
*Respondent,*

*v.*

SOLOMON,
*Appellant.*

(No. 2578, CA A21776)

643 P2d 1312

Scott M. Galenbeck, Springfield, argued the cause for appellant. With him on the brief was Wiswall, Svoboda, Thorp & Dennett, P.C., Springfield.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals from a decree requiring him to remove a mobile home from "related adjacent land" near a "scenic waterway." *See* ORS 390.805. The property on which the mobile home is located is owned by defendant and is adjacent to part of the John Day River which has been designated a scenic waterway pursuant to the Scenic Waterways Act (ORS 390.805 to 390.925). The property is used for commercial farming. The mobile home was installed as a security measure in response to incidents of vandalism and trespass. The home serves in effect as a watch station manned by an employee of defendant and is also used as a residence by that employee and his family. Defendant did not give written notice to the Department of Transportation (department) before installing the mobile home.

Defendant argued in the trial court, as he does here, that the placement of the mobile home without prior notice to the department was permitted by ORS 390.845(2)(e), which, at the relevant time,[1] provided in part:

"(2)   * * * [T]he department shall adopt rules and regulations governing the management of related adjacent land. * * * Such rules and regulations shall reflect management principles, standards and plans applicable to scenic waterways, their shore lines and related adjacent land * * *. Such management principles, standards and plans shall protect or enhance the esthetic and scenic values of the scenic waterways and permit compatible agricultural, forestry and other land uses. Specifically, and not in limitation of the foregoing, such rules and regulations shall provide that:

"(e)   Unless department approval of the proposed use is obtained under subsection (4) or (5) of this section, no commercial, business or industrial structures or buildings *other than structures or buildings erected in connection with an existing use* shall be erected or placed on related adjacent land. All structures and buildings erected or placed on such land shall be in harmony with the natural beauty of the scenic waterway and shall be placed a sufficient distance from other structures or buildings so as not to

---

[1] ORS 390.845 was amended by Oregon Laws 1981, chapter 326, section 3, in ways which are immaterial to the issues presented here.

impair substantially such natural beauty. No signs or other forms of outdoor advertising that are visible from waters within a scenic waterway shall be constructed or maintained." (Emphasis added.)

The trial court concluded that ORS 390.845(3), rather than ORS 390.845(2)(e), is the controlling provision. ORS 390.845(3) provided, as relevant, at the time of the proceedings below:

"No person shall put related adjacent land to uses that violate ORS 390.805 to 390.925 or the rules or regulations of the department adopted under ORS 390.805 to 390.925 or to uses to which the land was not being put before December 3, 1970, * * * *or construct * * * buildings or other structures on such lands, unless the owner of the lands has given to the department written notice of such proposed use at least one year prior thereto* [together with other requirements] * * *." (Emphasis added.)

Defendant argues that the mobile home was placed on the property for security purposes in connection with the existing agricultural use and that the installation of the home was therefore permitted by ORS 390.845(2)(e) and was not subject to the notice and other requirements of ORS 390.845(3). Defendant states:

"The most reasonable interpretation of ORS 390.845(2)(e) and 390.845(3), read together, and considering traditional notions of statutory construction, is:

"(a)   ORS 390.845(2)(e) allows buildings within the scenic waterway to be erected without prior permission of the [department] if erected in connection with a preexisting land use.

"(b)   ORS 390.845(3) prohibits all new uses in the scenic waterway unless [department] permission is obtained.

"Under this reading of the statutes, plaintiff had no cause of action against defendant.

Defendant also argues that certain rules of the department which "could be said to prohibit the use by defendant of a mobile home as a watchman's residence" are in conflict with ORS 390.845(2)(e), because the rules prohibit what the statute permits.

The department argues that ORS 390.845(2) and its subsections serve "only as a rule-making directive" and, independently of the rules they authorize or require,

"* * * [constitute] neither a limitation nor an authorization relating to landowners' rights to develop land with or without prior notification. Rather, [ORS 390.845(2)(e)] serves only as a directive to the Department of Transportation to incorporate a certain minimum stringency in the rules it must adopt pursuant to ORS 390.845(2). * * *"

We need not decide in this case whether the department is correct in its understanding that ORS 390.845(2)(e) does not create substantive rights or requirements.[2] Assuming that it does, we do not agree with defendant that the statute gives blanket authorization for the erection or placement of *all* structures connected with existing uses on related adjacent land. Defendant's interpretation, if adopted by us, would make ORS 390.845(2)(e) an anomaly in the Scenic Waterways Act. Manifestly, structures erected in connection with existing uses *could* be far more antithetical to the objectives of the Act than structures erected in connection with new uses. For example, the replacement or expansion of a one-story country store with a 20-story department store would be more inconsistent with the Act's scenic purpose than almost any conceivable new use on related adjacent land—except the erection of a 20-story department store where there had not previously been a country store. For similar reasons, defendant's interpretation would create internal inconsistencies in ORS 390.845(2)(e) itself. If *all* structures erected in connection with existing uses were automatically permissible, there would be no way to apply or enforce the provisions of the statute that such structures "be in harmony with the natural beauty of the scenic waterway" and that they "be placed a sufficient distance from other structures or buildings so as not to impair substantially such natural beauty."

The construction of ORS 390.845(2)(e) which defendant propounds is not compelled by the statutory language. In the context of the statute, the words "other than structures or buildings erected in connection with an existing use" are not permissive; they state an exception to

---

[2] In *Scott v. State Highway Commission*, 23 Or App 99, 541 P2d 516, *rev den* (1975), we stated in dictum

"* * * that ORS 390.845(2) requires the department to adopt rules and regulations governing the management of related adjacent land and sets forth some standards the department is to follow. * * *" 23 Or App at 107.

a prohibition. That language need not be read as meaning that *all* structures or buildings erected in connection with an existing use come within the exception; the language is at least equally susceptible to the reading that such structures *may* be excepted from the prohibition, with the determination of *which* structures are excepted to be made through the administrative process. *See Springfield Education Assn. v. School Dist.,* 290 Or 217, 621 P2d 547 (1980). For the reasons we have noted, the second reading is consistent with the statutory scheme and the first is not.

We conclude that ORS 390.845(2)(e) does not create a statutory right to place new structures connected with existing uses on related adjacent land without giving the required notice.

Affirmed.